NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-819

COMMONWEALTH

vs.

EMMA NEILANDER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from the defendant's conviction of larceny over $1,200 in violation of G. L. c. 266, § 30 (1). The facts are well known to the parties and will not be repeated in detail. In sum, the defendant, on moving out of the apartment she shared with her ex-boyfriend, the alleged victim, took with her not only her own dog, Malibu, but the other dog who lived in the apartment with the couple, Bo. She took Bo and her own dog to Connecticut, to her mother's house.

Within days, the alleged victim reported the dog stolen to the police. By the time of trial, over a year after Bo was taken to Connecticut, Bo had neither been returned to the alleged victim, nor had the alleged victim even seen Bo during that time.

On appeal, the defendant argues that the evidence was insufficient to support her conviction. In reviewing the sufficiency of the evidence, we must determine, viewing the evidence in the light most favorable to the Commonwealth, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Because the defendant moved for a required finding of not guilty at the close of the Commonwealth's case, we must examine the state of the evidence at the close of that case to determine whether the motion should have been granted at that time. Commonwealth v. Semedo, 456 Mass. 1, 8 (2010). Also, because the defendant moved again for a required finding at the close of all the evidence, we must determine whether the Commonwealth's evidence deteriorated after it closed its case. See id.

Larceny over $1,200 requires the Commonwealth to prove the "unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently" (citation omitted). Commonwealth v. Donovan, 395 Mass. 20, 26 (1985).

The defendant argues that a domesticated dog is not property, and therefore cannot be the subject of a larceny prosecution. The extent to which a dog may be treated as

2

property or is a possessor of certain rights that limit the extent to which it can be treated as such is a complex question that has been answered in different contexts and by different courts in different ways. But the very definition of "property" in the larceny statute includes "any domesticated animal, including dogs." G. L. c. 266, § 30 (2). Thus it is clear that one can commit larceny by stealing someone else's dog.

There was evidence that the value of the dog was over $1,200 as, at the time of purchase, the seller charged $2,000 for him. And, the evidence of a lengthy deprivation of the dog without even a visit with the alleged victim suffices to support a finding beyond a reasonable doubt of an intent to deprive the alleged victim of the property permanently.

The main argument put forward by the defendant is that the dog was jointly owned. Even assuming what we need not decide in this case, that the deprivation to a joint owner of the pet he or she jointly owned would, for some reason, not amount to larceny, there was certainly sufficient evidence in the record from which the finder of fact could conclude that Bo was property solely of the alleged victim. This evidence included, among other things, the testimony of the alleged victim, the dog's "adoption" papers, which indicated the alleged victim was the buyer, and the fact that the dog had lived at the alleged

3

victim's apartment for a substantial period of time before the alleged victim and the defendant moved in together.

Consequently, as there was sufficient evidence to support the conviction, the judgment is affirmed.

<u>Judgment affirmed</u>.

By the Court (Rubin, Blake & Shin, JJ.[1]),

Assistant Clerk

Entered:  May 6, 2024.

---

[1] The panelists are listed in order of seniority.